UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IDELLA WILLIAMS, o/b/o A.S.M., JR., a minor, | |
| Plaintiff, | Case No. 1:14-cv-967 |
| v. | Honorable Janet T. Neff |
| COMMISSIONER OF SOCIAL SECURITY, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

This is a social security action filed on September 15, 2014, by Pastor Idella Williams, purporting to act as next friend for A.S.M., Jr., a minor. Idella Williams's *pro se* complaint alleges that she is A.S.M., Jr.'s grandmother and care giver. (docket # 1 at ID# 3). Exhibit 1 attached to the complaint is a letter dated May 9, 2014, from the Social Security Administration addressed to Tuere Tiombe Williams notifying her of the Administration's initial determination that on and after June 1, 2014, the monthly SSI payment to her as the representative payee for A.S.M., Jr. would be $721.00. (docket # 1-1 at ID# 5). Further, the letter notified the representative payee that she would need to set up a separate account for A.S.M., Jr.'s past due SSI benefits of $10,204.15. (*Id.* at ID# 6). A copy of the initial determination letter was sent to Idella Williams as "representative" of A.S.M., Jr. (*Id.* at ID# 8). The letter concluded with instructions how to pursue further administrative remedies[1] if the recipient disagreed with the Administration's

---

[1] The administrative review process consists of four steps: (1) initial determination, (2) reconsideration, (3) hearing before an administrative law judge, and (4) Appeals Council review. The Administrations decisions at the first three steps are not final administrative decisions subject to judicial review. 20 C.F.R. § 416.1400(a); *see Potts v. Colvin*, No. 3:13-cv-479, 2014 WL

initial determination.  (*Id.* at ID#s 8-9).  Idella Williams filed this lawsuit on September 15, 2014.

On November 13, 2013, defendant filed a Rule 12(b)(1) motion seeking dismissal of plaintiff's complaint for lack of subject-matter jurisdiction.  (docket # 5).  Plaintiff ignored the motion and the time for her response expired on December 9, 2014.  *See* W.D. MICH. LCIVR 7.2(c). "The plaintiff bears the burden of establishing that jurisdiction exists." *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012).  Plaintiff did not carry her burden.  She ignored defendant's motion.  There is no final administrative decision subject to judicial review.  42 U.S.C. §§ 405(g), 1383(c)(3).  The court lacks subject-matter jurisdiction.[2]  *See Califano v. Sanders*, 430 U.S. 99, 107-09 (1977); *see also Kennedy v. Commissioner*, No. 99-1053, 1999 WL 1336080 (6th Cir. Dec. 21, 1999); *Hardy v. Commissioner*, No. 12-cv-13246, 2013 WL 1976371, at * 2 (E.D. Mich. Mar. 11, 2013); *Muhammad v. United States Gov't*, 1:08-cv-494, 2009 WL 1525979, at * 2-3 (W.D. Mich. June 1, 2009).

---

3557638, at * 3-4 (E.D. Tenn. July 18, 2014); *Weaver v. Commissioner*, No. 1:13 cv 303, 2014 WL 1364976, at * 3-5 (N.D. Ohio Mar. 31, 2014).

[2]Because the court lacks subject-matter jurisdiction, it is not necessary to address the separate issue of whether Idella Williams, a non-attorney, could pursue any claim in this court in a representative capacity.  *See* 28 U.S.C. § 1654; *see also Jackson v. Commissioner*, No. 12-cv-13679, 2013 WL 2338716, at * 2 (E.D. Mich. May 29, 2013).

**Recommended Disposition**

I recommend that defendant's motion to dismiss (docket # 5) be granted and that plaintiff's complaint be dismissed for lack of subject-matter jurisdiction.


Dated:   December 17, 2014          /s/  Phillip J. Green
                                    United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).